In re MARLENE B.

88-120 M.P.

Supreme Court of Rhode Island.

May 10, 1988.

Francis B. Brown, Court-Appointed Sp. Advocate, Providence, Kevin J. Aucoin, Tracy L. Muto, (Dept. of Children and their Families), for plaintiff.

Barbara Hurst, Paula Rosin, Laurel Cynthia Ferrelli, Asst. Public Defenders, for defendant.

OPINION

PER CURIAM.

The decisive issue in this controversy is whether a Family Court justice has the authority to order the detention of a thirteen-year-old (Marlene) in a secured facility, to wit, the Training School for Girls, while awaiting a hearing on a petition filed by the Department of Children and Their Families alleging that Marlene had been disobedient. On an earlier petition involving a shoplifting episode, the court found her to be a wayward child and subsequently placed her on probation for six months.

Marlene's counsel relies upon the terms of G.L. 1956 (1981 Reenactment) § 14-1-11, as amended by P.L. 1985, ch. 98, § 1, which in essence provides that no child shall be detained at the training school unless there is pending against the child a petition setting forth facts about an alleged act that would constitute a felony or misdemeanor if committed by an adult.

A disobedient act, under the statute, is not considered delinquent conduct. However, the record is clear that Marlene has been a habitual runaway who continues to exhibit suicidal tendencies. In ordering her detention, the trial justice emphasized that Marlene is a danger to the public and to herself. Unquestionably the Legislature's paramount interest in enacting § 14-1-11 was its concern for the welfare of the child. However, it is our belief that the Legislature never intended that § 14-1-11 should be invoked in or would be applicable to

situations in which a suicidal teenager continuously demonstrates a desire to leave the school premises at any given opportunity.

It should be noted that at common law, suicide was a serious felony. *See* Annot., 92 A.L.R. 1180 (1934). It is also significant that Rhode Island recognizes all common-law offenses that have not been specifically abrogated or superseded by statute. General Laws 1956 (1981 Reenactment) § 11–1–1; *see also State v. LaPlume*, 118 R.I. 670, 677–78, 375 A.2d 938, 941–42 (1977). Consequently a justice of the Family Court would certainly have as his or her paramount responsibility to frustrate the child's suicide attempt by any available effective means. Should such means be limited on an emergency basis to detention in such a facility as the training school, then to forego its use might well be consonant with abandoning the child to an uncertain fate. Whereas a justice of the Family Court should normally refrain in light of § 14–1–11 from detaining a status offender in the training school, the unique circumstances of this case would justify the use of the only facility that would effectively protect this child against herself. Therefore, we find no error in the temporary detention of this thirteen-year-old child.

For these reasons, Marlene's petition for habeas corpus is denied and dismissed.